# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEANNIE SUTHERLAND, et al,

    Defendant.

2:10-cr-0356-LDG-LRL

**<u>ORDER</u>**

Defendant Jeannie Sutherland has filed an objection to the magistrate judge's order denying Sutherland's renewed motion to sever her trial from the trial of her codefendants (order #129, objection #133, response #138). "A district judge may reconsider any pretrial matter referred to a magistrate judge in a . . . criminal case . . . where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 3-1(a). Sutherland argues that this court should reverse the magistrate judge's order because the Superceding Indictment improperly joins Sutherland with her co-defendants, because Sutherland and her co-defendants will present mutually exclusive defensive theories at trial, and because the quantity of evidence against her co-defendants poses risks of prejudicial spillover.

Defendants who are indicted together should generally be tried together. *See United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). An indictment may charge two or more defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P 8(b). "Ordinarily, the mere charging of a conspiracy count linking together substantive counts against various defendants fully satisfies the Rule 8(b) requirement of relatedness and makes joinder proper under that rule." *U.S. v. Valenzuela*, 596 F.2d 824, 829 (9th Cir. 1979); *see also U.S. v.*

1  *Adams*, 581 F.2d 193, 197 (9th Cir. 1978). "Joinder is favored in federal criminal cases largely for
2  reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials."
3  *U.S. v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991)

A court may order a severance when it appears that a defendant will be significantly prejudiced by a joint trial with his codefendants. Fed. R. Crim. P. 14; *United States v. Ramirez*, 710 F.2d 535, 545 (9th Cir. 1983). "Merely suggesting, or even demonstrating, a comparative advantage in separate trials, absent a showing of manifest prejudice, does not entitle a coconspirator to severance." *U.S. v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988) (citing *United States v. Jenkins*, 785 F.2d 1387, 1394 (9th Cir.1986)). A defendant must show that joinder is "'so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial.'" *Ramirez*, 710 F.2d at 546 (9th Cir.1983) (quoting *United States v. Abushi*, 682 F.2d 1289, 1296 (9th Cir.1982)); *see also Escalante*, 637 F.2d at 1202 ("The party seeking reversal of a decision denying severance under Rule 14 has the burden of proving 'clear,' 'manifest,' or 'undue' prejudice from the joint trial.") (citations omitted). "The types of prejudice that mandate severance undermine the procedural fairness of the trial," *Tootick*, 952 F.2d at 1082, and violate one or more of the defendant's "substantive rights," *Escalante*, 637 F.2d at 1202. Consequently, the defendant "must show that the magnitude of the prejudice denied him a fair trial." *Ramirez*, 710 F.2d at 546.

Sutherland argues that this court should reverse the magistrate judge's order because the Superceding Indictment improperly joins Sutherland with her codefendants. Sutherland claims that she never participated in the process to complete the loan documents, never had "knowledge" of the alleged scheme, and never had the "intent" to commit the underlying offenses. Sutherland accordingly claims that the facts alleged in the Superceding Indictment do not demonstrate that she participated in underlying offenses and that the government lacks a good faith basis for the conspiracy charge. Although, based on the papers and submissions of the parties, the court is not

convinced that Sutherland received inflated sales commissions as a result of these transactions, the court is also not convinced, in light of the evidence surrounding the real estate transactions and alleged kickbacks, that the government lacks any good faith basis for the conspiracy charge. *See Adams*, 581 F.2d at 197 (9th Cir. 1978).

Sutherland also argues that this court should reverse the magistrate judge's order because she and her codefendants will present mutually exclusive defensive theories at trial. Although many courts use the terms interchangeably, a set of codefendants' inconsistent defensive theories may be "mutually antagonistic" or "mutually exclusive." *See Collins v. Runnels*, 603 F.3d 1127, 1131 n.2 (9th Cir. 2011). "Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of the other." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir.1991) (citing *United States v. Adler*, 879 F.2d 491 (9th Cir.1988)). To demonstrate mutually exclusive defenses, a defendant must demonstrate that "the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). "In contrast, in the less extreme situation where acceptance of one defense does not necessarily preclude acceptance of the other, the term 'mutually antagonistic' is used." *Collins*, 603 F.3d at 1131 n.2. "Inconsistency, alone, seldom produces the type of prejudice that warrants reversal." *Tootick*, 952 F.2d at 1081. "Conflicting and antagonistic defenses being offered at trial do not necessarily require granting a severance, even if hostility surfaces or defendants seek to blame one another." *U.S. v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978).

Sutherland argues that her defense and the defenses of her codefendants are "mutually exclusive" because "Defendant Sutherland's Counsel will act as a second prosecution and pursue her innocence; thus, requiring the jury to convict her co-defendants." Sutherland's Appeal of the Magistrate's Order 7, ECF No. 133. Primarily relying upon evidence of ten allegedly improper

prior mortgage transactions involving different codefendants, Sutherland argues that "acceptance of [her] defense will necessarily require the jury to disbelieve any conceivable defense offered by [her codefendants Williams and Nunes]" because she "will do everything possible to demonstrate their [her codefendants'] relationships, their prior and later fraud, and their overall culpability . . . ." *Id.* at 8. Thus, the apparent core of Sutherland's defense is that, as an outsider and "victim" to her codefendants' ongoing mortgage fraud, she lacked both "knowledge" of the alleged conspiracy and "intent" to commit any of the underlying offenses.

Sutherland has failed to demonstrate that "the core of [any] codefendant's defense is so irreconcilable with the core of [her] own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of [Sutherland]." *Throckmorton*, 87 F.3d at 1072. Sutherland has not described the "core" of any co-defendant's anticipated defense, nor has she demonstrated why acceptance of any such theory is inconsistent with Sutherland's acquittal. Sutherland instead insists that acceptance of her own theory necessitates the conviction of her codefendants. Accepting this inverted argument may improperly incentivize the adoption of pretrial defensive theories simply to bolster a party's position on its motion for severance. Even assuming that such a focus is proper in establishing that defenses are "mutually exclusive," Sutherland has failed to demonstrate that the core of her defense is so irreconcilable with "any conceivable defense offered by [Williams and Nunes]" that acceptance of her theory precludes acquittal of her codefendants. Sutherland maintains that "[i]f [she] proceeds with trial with her co-defendants, she will present evidence contrary to any conceivable defense her co-defendants may offer; thus unfairly reinforcing the government's case and necessitating a conviction of all defendants." Sutherland's Appeal of the Magistrate's Order 8, ECF No. 133. The only evidence Sutherland describes, however, pertains to alleged improprieties in prior transactions by individual codefendants. Sutherland has not demonstrated why this evidence is "contrary to any conceivable defense that her co-defendants may offer" regarding the current charges. This is not a case where each

defendant seeks to pin the entire blame on the other, and so lacks the mutuality element typically involved in such cases, nor are the disputed facts "closed in a fashion" such that the jury must necessarily convict either Sutherland or her codefendants. *See Tootick*, 952 F.2d at 1081; *see also U.S. v. Voigt*, 89 F.3d 1050, 1095 (3rd Cir. 1996) ("Moreover, courts have consistently held that finger-pointing and blame-shifting among coconspirators do not support a finding of mutually antagonistic defenses."). Furthermore, the actual "core" of Sutherland's suggested defense is that she lacked the criminal intent to commit any of the charged offenses. *See Voigt*, 89 F.3d at 1094-96. Even assuming, however, that Sutherland could demonstrate "mutually exclusive" defenses, severance is not warranted in the absence of "clear and manifest prejudice" to one or more of her "substantive rights." *See Tootick*, 952 F.2d at 1083. The only specific prejudice she suggests, the inability to present her own defense if unable to introduce prior bad acts of codefendants at joint trial, unreasonably and prematurely assumes that such evidence would be admissible in a separate trial or joint trial.

Sutherland finally argues that this court should reverse the magistrate judge's order because the quantity of evidence against her codefendants poses risks of prejudicial spillover. Sutherland argues that "she will be unduly prejudiced by the allegations against [her codefendants], which include defrauding financial institutions on properties which were beyond the scope of the Noors and Buffalo properties." Sutherland's Appeal of the Magistrate's Order 10, ECF No. 133. Although the risk of prejudice may be heightened when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993) (citation omitted), "[t]he fact that there may be more incriminating evidence against one defendant than there is against another, is insufficient to justify a separate trial for the latter," *U.S. v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984). "The ultimate question [in assessing potential prejudice] is whether under all of the circumstances, it is within the capacity of the jurors to follow the court's admonitory instructions and, correspondingly whether they can

collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct." *Brady*, 579 F.2d at 1128. Here, Sutherland has not demonstrated that the overall complexity of this case would impair the capacity of jurors to follow the court's admonitory instructions and compartmentalize the evidence as it relates to the separate defendants. Furthermore, the evidence of which Sutherland complains would either be admissible in a separate trial against her or is well within the capacity of the jury to compartmentalize against particular defendants, especially with appropriate instruction by the court. *See U.S. v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004) ("We have previously noted that a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."). Therefore, Sutherland has not shown that the magistrate judge's order is clearly erroneous or contrary to law. Accordingly, and for the reasons stated,

THE COURT HEREBY ORDERS that the magistrate judge's order denying Sutherland's motion for severance (#129) is AFFIRMED.

THE COURT FURTHER ORDERS that a hearing shall be conducted on Tuesday, September 13, 2011 at 2:00 pm, at the Lloyd D. George United States Courthouse, 333 Las Vegas Blvd., S., Las Vegas, Nevada, 89101. Counsel should come prepared to discuss the parties' pending motions in limine (#121; #127; #131; #137; #155) and outstanding reciprocal discovery issues.

DATED this __8__ day of September, 2011.

_____
Lloyd D. George
United States District Judge