# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JEANNIE SUTHERLAND, et al,

 Defendant.

2:10-cr-0356-LDG-LRL

**ORDER**

 The government filed this suit against Defendants alleging two counts of bank fraud and one count of conspiracy to commit bank fraud. Presently before the court are Defendants' emergency motion to continue trial and numerous motions in limine. Judges have broad discretion when ruling on motions in limine, *see, e.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations, *see Luce v United States*, 469 U.S. 38, 41-42 (1984). Accordingly, the court makes the following rulings based on the information presently before the court and will revisit the issues as necessary in the context of further legal argument, pretrial factual developments, and evidence presented at trial.

**I. Sutherland's Motion to Exclude Findings of Nevada Real Estate Commission**

 Sutherland has filed a motion to exclude evidence of the Nevada Real Estate Commission's findings of fact and conclusions of law issued against Sutherland on March 31, 1998 (#121, opp'n #126, reply #132). The Commission determined that Sutherland had secretly loaned her clients approximately $6,000 for down payment purposes and then advised her clients to execute a false letter claiming that they had received the money as a gift from a relative. The Commission determined that Sutherland had engaged in conduct that constituted "deceitful, dishonest or

fraudulent conduct in violation of [Nev. Rev. Stat. § 645.633(1)(i)]," "made material misrepresentations to the parties involved in a tri-party transaction in violation of [Nev. Rev. Stat. § 645.630(1)]," and "was grossly negligent and incompetent in her duties as a real estate licensee in violation of [Nev. Rev. Stat. § 645.633(1)(j)]." The Commission threatened to suspend Sutherland's real estate license unless she completed 28 hours of education, paid a $15,000 fine, and reimbursed the Commission for $11,000 it expended investigating and conducting her disciplinary action.

The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (quoting *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)). Even if it is otherwise admissible under 404(b), "the evidence must still be excluded if the potential for unfair prejudice substantially outweighs its probative value." *U.S. v. Marsh*, 894 F.2d 1035, 1038 (9th Cir. 1990).

Sutherland argues that evidence of her previous discipline for regulatory violations is not relevant to the crimes charged in the Superceding Indictment and, in any event, is unfairly prejudicial. The government conversely argues that the Commission's decision is relevant "to show that Ms. Sutherland understood that it was illegal to pay the closing costs for the South Buffalo Drive transaction." Opp'n 5, ECF No. 126. The government claims that Sutherland's previous discipline for secretly fronting closing costs is relevant to the charge of conspiracy to commit bank fraud because it tends to show why she paid this "loan" to Williams in five different checks all drafted the same day – she knew she could get in trouble if the Commission learned that she again fronted closing costs. The court is persuaded, based on the parties' pretrial arguments, that this information is relevant to the charged offenses and that its probative value is not

outweighed by substantial prejudice. The evidence tends to demonstrate Sutherland's intent and is sufficient to demonstrate Sutherland's involvement in the actions for which she was disciplined. Although Sutherland's discipline regarded actions approximately eleven years prior to the transactions in the Superceding Indictment, that time is not too remote, especially in consideration of the specific purpose for which the government seeks its introduction. The court accordingly denies this motion.

**II. Government's Motion to Introduce Evidence of Prior Bad Act**

The government has filed a motion seeking the admission of evidence that Defendant Nunes submitted a mortgage application containing false information approximately six months prior to the transactions at issue in this case (#127, opp'n #140, reply #144). The government alleges that Nunes improperly inflated the monthly income on his girlfriend's loan application by falsely listing that she worked as an entertainer at an exotic dance club and arranging for a false employment verification by bribing a manager at the exotic dance club. The government argues that this evidence is "highly probative of whether defendant Kelly Nunes acted with intent and lack of mistake when he submitted a loan application to obtain a loan for [the Buffalo Drive property], which contained false statements about the borrower's employment and income." Mot. in Limine 1, ECF No. 127. Nunes contends, however, that the alleged incident is not relevant to the issues of this case because of significant differences between Nunes' alleged role in the respective transactions. The court is persuaded that Nunes's role in the prior alleged transaction is "sufficiently similar" to that charged in the South Buffalo Drive transaction. *See United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010); *United States. v. Bibo-Rodriguez*, 922 F.2d 1398, 1402 (9th Cir. 1991). Accordingly, the court grants this motion.

**III. Sutherland's Motion to Exclude Evidence of Prior Statements by Non-Testifying Co-Defendants**

Sutherland has filed a motion requesting the court to "exclude any and all evidence of prior statements by any non-testifying co-defendants which either directly or indirectly name Defendant Sutherland as a participant in the crimes charged in the Superceding Indictment." Sutherland's Mot. to Exclude Evidence of Prior Statements by Non-Testifying Co-Defendants 1, ECF No. 131. The government opposes Sutherland's motion indicating that it "will advise the defendants of which statements made by non-testifying co-defendants it intends to enter into evidence" by July 31 and that it "will use these statements in a way that does not deprive Ms. Sutherland of her right o [sic] confrontation." Opp'n 2, ECF No. 136. In light of the representations of the parties and Sutherland's failure to reply, the court will deny this motion subject to reconsideration at trial if appropriate.

**IV. Government's Motion to Limit Discovery and Use of FBI 302s**

The government requests this court (1) to determine that interview summaries prepared by FBI agents (FBI 302s) are not statements of the person interviewed under the Jencks Act and (2) to preclude defense counsel from introducing the contents of these FBI 302s to impeach witnesses during cross-examination, publishing the contents of the FBI 302s to the jury, or otherwise suggesting that the FBI 302s are statements of the witness. Defendant Sutherland opposes the government's motion and argues that the FBI 302s *may* constitute statements of the person interviewed under the Jencks Act because the witnesses, if given the chance, may adopt the FBI 302s as their own statements. Sutherland also argues that preventing her from using the FBI 302s in her cross-examination of the witnesses would violate her right to a fair trial.

The Jencks Act requires that the government provide to defense counsel any "statement" of a government witness, if such production is requested by defense counsel following the direct testimony of that government witness. A "statement" under the Jencks Act includes: "(1) a written

statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." 18 U.S.C. § 3500; *see* Fed. R. Crim. P. 26(f). The FBI 302s do not qualify as a "statement" under subsections (2) or (3).

Sutherland argues that the FBI 302s may constitute "statements" under subsection (1) because the witness, if given the chance at trial, may "adopt" the FBI 302 summarizing their prior interview with the FBI. Here, the government has already produced the FBI 302s and so it is not clear why the parties are disputing whether or not these documents constitute "statements" under the Jencks Act. In any event, a determination of whether these FBI 302s constitute "statements" under the Jencks Act may be premature. The Act and Rules provide a mechanism for addressing these issues after the government witness has testified at trial. *See* 18 U.S.C. § 3500(b) ("After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."). Currently, however, the FBI 302s do not constitute "statements" under the Jencks Act because Defendants have not demonstrated that any witness has "adopted" the FBI 302 summarizing their FBI interview.

Although a determination of whether the FBI 302s will constitute "statements" under the Jencks Act is arguably premature, Sutherland presents no support for her argument that she should be able to determine at trial whether the witness adopts the contents of the FBI 302. Other courts have held that a defendant must lay a foundation that a witness has adopted the contents of a summary prior to introducing the report for impeachment purposes because it would be "grossly

1 unfair to allow the defense to use statements to impeach a witness which could not fairly be said to

2 be the witnesses' own rather the product of the investigator's selections, interpretations, and

3 interpolations." *See Unites States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) (quotation marks

4 and citation omitted); *see also Duncan v. Cain*, 278 F.3d 537, 539 (5th Cir. 2002) ("Here, the

5 officer's interpretation was not verbatim and not adopted by the witness, so could not be useful to

6 impeach what Emberling said."). Sutherland, however, has not presented any authority that her

7 counsel should be able to determine at trial whether the witness adopts the contents of the FBI

8 302.[1] Accordingly, the court grants the government's motion.

**V. Government's Motion to Exclude Evidence of Civil Suit Against MortgageIT;**
**Defendants' Motion to Continue Trial**

The government has filed a motion to exclude evidence that it has filed a civil suit against MortgageIT, the original lender who processed the two transactions listed in the Superceding Indictment (#155; opp'ns #156, #157, #159; replies #158, #162). The government has filed a civil suit in New York against MortgageIT alleging that MortgageIT repeatedly failed to conduct proper quality control on FHA insured loan applications. The government argues that information of this civil suit is not relevant and should be excluded.

Defendants Sutherland, Williams, and Nunes oppose the government's motion and argue that evidence of the civil suit is relevant to whether the false information listed on the two loan applications in this case were "material" within the meaning of the bank fraud statute. To prove bank fraud as alleged in the Superceding Indictment, the government must prove that the alleged falsehoods were "material." *Neder v. United States*, 527 U.S. 1, 25 (1999). "In general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the

---

[1] An unpublished Sixth Circuit case apparently rejects Sutherland's very argument. *See United States v. Little*, Nos. 92-6719, 92-6720 and 92-6721, 1993 WL 501570, at *9 (6th Cir. 1993) ("Little does not and apparently cannot maintain that Turner in fact 'adopted' Hart's notes. Rather, she contends that she could have gotten Turner to adopt the notes at trial if she had been given the opportunity to do so. This argument finds support in neither precedent nor reason.").

decision of the decisionmaking body to which it was addressed.'" *Id.* at 16 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)). Thus, Defendants argue that MortgageIT's lack of quality control, as documented in the civil suit against it, is relevant to whether the falsehoods contained in the loan applications were "capable of influencing" MortgageIT.

The government rejects Defendants' arguments and suggests that even "evidence that MortgageIT would have funded the loans despite the fraud" is not relevant to materiality. MortgageIT need not have actually relied on or even considered the falsehoods in making its decision, *see United States v. Blixt*, 548 F.3d 882, 888-89 (9th Cir. 2008), so long as the misstatements had "a natural tendency to influence, or [were] capable of influencing" MortgageIT's decision to accept the loan applications, *Neder*, 527 U.S. at 16. The government accordingly argues that even "evidence that MortgageIT would have funded the loans despite the fraud" is not relevant to materiality because "the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances." *United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998) (citations and internal quotation marks omitted); *see United States v. Reynolds*, 189 F.3d 521, 524-26 (7th Cir. 1999). There is some support for the government's position. *See United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) ("Thus, because 'could have influenced' is 'substantially similar' to the 'capable of influencing' language in the *Gaudin* instruction, we conclude there is not plain error here."); *Blixt*, 548 F.3d at 888-89 ("What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose."); *United States v. Bourseau*, 531 F.3d 1159, 1170-71 (9th Cir. 2008) (adopting the "natural tendency" test of materiality for claims under the False Claims Act, and describing that test as one "which focuses on the potential effect of the false statement when it is made rather than on the false statement's actual effect after it is discovered."); *United States v. Mayberry*, 913 F.2d 719, 723 (9th Cir. 1990) ("To satisfy the materiality requirement, all the government needed to show was that the false statements

had the propensity or capacity to influence or affect HUD's decision."). Falsely inflating an applicant's monthly income by approximately $25,000 generally has "a natural tendency to influence" or is "capable of influencing" a mortgage lender's decision to extend a loan. The perpetrator or perpetrators included this false income amount precisely because it was capable of influencing MortgageIT's decision to extend the mortgage loan – the lender had already denied the application without the addition of this false income. *Cf. United States v. Somsamouth*, 352 F.3d 1271, 1276-77 (9th Cir. 2003) (noting that the defendant's own misrepresentations "bring home the fact that their statements . . . were both calculated to influence and capable of influencing the SSA . . . ."). Thus, evidence of the civil suit against MortgageIT is only relevant to materiality if it tends to demonstrate that the misstatements in the loan applications at issue in this case were not "capable of influencing" MortgageIT's decision to accept those applications. *See Service Deli Inc.*, 151 F.3d at 942. Defendants' briefs, however, have not identified any such evidence. MortgageIT's negligence or lack of diligence is not a defense to bank fraud. *See United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000). MortgageIT's alleged negligence or lack of diligence in auditing loan applications does not demonstrate that the misstatements in the applications in this case were not "capable of influencing" MortgageIT's decision to accept those applications. At oral argument Defendants also suggested that information about this civil suit is relevant to demonstrate bias on behalf of the government's proposed witness. The court is not currently persuaded that this information is relevant to bias based on the very narrow proffer of testimony provided by the government; greater income could have influenced MortgageIT's lending decision. Defendants have filed emergency motions to continue the trial so that they may, among other things, review the 8,000 newly provided documents regarding the civil case and reconsider the propriety of their opposition to the government's motion in limine in light of the foregoing analysis (#171; #176; #177). Accordingly, and in light of the relevant considerations, *see United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), the court will grant Defendants'

motion for continuance to provide Defendants an opportunity to review the newly provided information for admissible evidence relevant to materiality as outlined above and will deny the government's motion in limine subject to reconsideration as appropriate. Accordingly,

THE COURT HEREBY ORDERS that Sutherland's motion to exclude evidence of the Nevada Real Estate Commission's findings of fact and conclusions of law issued against Sutherland on March 31, 1998 (#121) is DENIED.

THE COURT FURTHER ORDERS that the government's motion to admit Nunes's alleged prior bad act (#127) is GRANTED.

THE COURT FURTHER ORDERS that Sutherland's motion to exclude statements by any non-testifying co-defendants (#131) is DENIED.

THE COURT FURTHER ORDERS that the government's motion with respect to the discovery and use of FBI 302 reports (#137) is GRANTED.

THE COURT FURTHER ORDERS that the government's motion to exclude evidence of the civil suit against MortgageIT (#155) is DENIED.

THE COURT FURTHER ORDERS that Defendants' motion for continuance (#171; #175 #176) is GRANTED.

DATED this 16 day of September, 2011.

_____
Lloyd D. George
United States District Judge