# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEANNIE SUTHERLAND, et al,

    Defendant.

2:10-cr-0356-LDG-LRL

**ORDER**

The government has objected to the proposed testimony of defendant Sutherland's expert Thomas Tarter (#198, response # 203, reply #204). The court conducted a hearing on January 18, 2012, to consider whether Tarter's proposed testimony is admissible under Fed. R. Evid. 702, whether its probative value is outweighed by the risk of waste of time and jury confusion, and whether Tarter's opinion is reliable under the standards of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.579 (1993). Tarter was present at the hearing and testified.

The parties agree that Tarter's extensive experience in the lending and real estate industry qualifies him as an expert in the field of finance and mortgage lending. The question to be decided is really whether the jury can receive "appreciable help" from Tarter's proposed testimony. See United States v. Gwaltney, 790 F.2d 1378, 1381-82 (9th Cir. 1986). A major thrust of Sutherland's justification for Tarter's testimony is to counter the government's efforts to prove the materiality element of bank fraud; that is, that Sutherland's acts or statements had a tendency to influence, or were capable of influencing, the lender's decision. Thus, Tarter's testimony would support the conclusion that the lender, Mortgage IT, knew or should have known from the HUD-1 statements that large sums were being paid to Dolphin Bay Investments from escrow, which should have prompted further investigation by the lender.

As this court has previously ruled, Mortgage IT's negligence or lack of diligence is not a defense to bank fraud. See United States v. Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000). So, even if it were the case that MortgageIT should have been put on notice to do further due diligence, it would not follow that the alleged misstatements were not capable of influencing MortgageIT's decision to proceed. Aside from the lack of relevance of Tarter's testimony in this regard, Tarter has no first-hand knowledge of the circumstances of the real estate and mortgage transactions in question–he has had no connection with MortgageIT, and has not spoken with MortgageIT personnel regarding the transactions--and is not in a position to assess what MortgageIT knew or should have known in this given situation. In that regard, Tarter's opinion about what MortgageIT knew or should have known will not only lend no appreciable help to the jury, but any probative value of such testimony devoid of factual knowledge is substantially outweighed by the risk of misleading and confusing the jury as to the materiality element of the charged conduct.

In addition, for the reasons enumerated by the government in the record, the court finds that other aspects of Tarter's testimony will not assist the jury. For instance, characterizing references in the HUD-1 statements as clearly or conspicuously disclosing the fees to Dolphin Bay is not helpful as the jury will view the documents and be in a position to make a determination about their contents without being told what they say by an expert. Tarter's assertion that the lender independently approved the loans is conceded by the parties and not at issue. And, of course, any involvement of Sutherland in the lending transactions in this case are factual issues whose proof, or lack thereof, should be the subject of argument to the jury. In sum, the court finds that Tarter's proposed testimony will not assist the jury to understand the issues in an appreciable way. Accordingly,

///

///

THE COURT HEREBY EXCLUDES the expert testimony of Thomas Tarter.

DATED this 19 day of January, 2012.

_____
Lloyd D. George
United States District Judge