DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-CR-356-LDG-(VCF) |
| | ) | |
| JEANNIE SUTHERLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION FOR AN
INTERLOCUTORY ORDER OF SALE OF PROPERTY, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States

Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney,

respectfully moves this Court for an Order for an Interlocutory Sale of the real property located at 9405

Shipboard Court, Las Vegas, Nevada 89117 ("property").  The property is more particularly described as

follows:

Parcel I:

Lot One Hundred Twenty-Eight (128), in Block Four (4) of Mission Monterey Unit No. 2, as
shown by map thereof on file in Book 40 of Plats, Page 9, in the Office of the County Recorder of Clark
County, Nevada.

1    Parcel II:

2        A non-exclusive easement on and over the "Common Area" as defined in the Declaration of
     Covenants, Conditions and Restrictions to which reference is hereafter made for access, use, enjoyment,
3    occupancy, ingress and egress of the amenities located hereon subject to the terms and provisions of said
     Declaration of Covenants, Conditions and Restrictions recorded January 20, 1987 in Book 870120 of
4    Official Records, as Document No. 00088.

5        Together with any and all improvements and appurtenances thereon, Assessor's Parcel No. 163-
     07-813-014.
6

7        Through the Interlocutory Order of Sale, the United States requests this Court to authorize the

8    United States Marshals Service to sell the real property through one of its approved methods.

9        The ground for issuing the Order for an Interlocutory Sale is this Court is authorized to approve

10   interlocutory sales.  This Motion is made and is based on the papers and pleadings on file herein and the

11   attached Memorandum of Points and Authorities.

12       DATED this 8th day of April, 2014.

13                                        Respectfully submitted,

14                                        DANIEL G. BOGDEN
                                          United States Attorney
15

16                                        */s/DanielD.Hollingsworth*
                                          DANIEL D. HOLLINGSWORTH
17                                        Assistant United States Attorney

18

19

20

21

22

23

24

25

26

                                      2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF THE CASE**

   **A.  Procedural History**

On December 8, 2010, the Grand Jury returned a Three-Count Criminal Superseding Indictment, charging Jeannie Sutherland ("Sutherland") in Count One with Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud in violation of 18 U.S.C. §§ 1341, 1343,1344, and 1349; in Count Two and Three with Bank Fraud in violation of 18 U.S.C. § 1344; and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(2)(A); and 21 U.S.C. § 853 (p). Criminal Superseding Indictment, ECF No. 60.

On February 2, 2012, Sutherland was found guilty by a jury as to Counts One and Three of the Criminal Superseding Indictment (ECF No. 60). Jury Trial Minutes, ECF No. 286; Jury Verdict Form, ECF No. 287.

On February 9, 2012, an Order of Forfeiture (ECF No. 294) was entered against Sutherland for $965,000 in United States Currency.  On February 15, 2012, this Court rescinded and vacated the Order of Forfeiture (ECF No. 294). Order Rescinding and Vacating Order of Forfeiture, ECF No. 298.

On May 16, 2012, an Amended Order of Forfeiture (ECF No. 330) was entered against Sutherland for $2,350,350 in United States Currency.  Thereafter, the United States of America ("United States") recognized a mathematical error and this Court entered a Second Amended Order of Forfeiture (ECF No. 345) correcting the criminal forfeiture money judgment from $2,350,350 in United States Currency to $2,341,350 in United States Currency.

On September 4, 2012, an Order of Forfeiture (ECF No. 378) for sentencing was entered against Sutherland for $2,341,350 in United States Currency.

On September 6, 2012, this Court entered the Judgment in a Criminal Case (ECF No. 381) with the attached Order of Forfeiture (ECF No. 378) for Sutherland.

On March 28, 2014, the United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Jeannie Sutherland (ECF No. 430), specifically real property located at 9405 Shipboard Court,

Las Vegas, Nevada 89117 based on the Order of Forfeiture (ECF No. 378) entered at sentencing on September 4, 2012.

On April 1, 2014, this Court entered the Substitution and Forfeiture Order (ECF No. 434).

On April 4, 2014, the United States Marshals Service ("USMS") took the property into custody.

**B. Statement of Facts**

Sutherland owes a criminal forfeiture money judgment of $2,341,350 in United States Currency. On March 28, 2014, the United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Jeannie Sutherland (ECF No. 430), specifically real property located at 9405 Shipboard Court, Las Vegas, Nevada 89117. On April 1, 2014, this Court entered the Substitution and Forfeiture Order (ECF No. 434). On April 4, 2014, the USMS took the substitute property into custody. The United States now requests this Court to authorize the USMS to sell the real property through one of its approved methods. The purpose of the interlocutory sale is to liquidate the property to allow for easier management of the assets to be used towards Sutherland's criminal forfeiture money judgment, to reduce the cost of maintaining the property, and to avoid damage to the property since it is vacant.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned "property sold if:"

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). These four reasons for the interlocutory sale apply in this case regarding 9405 Shipboard Court, Las Vegas, Nevada 89117. The United States may sell the real property

if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."). The USMS will sell the real property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the real property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id*.

## III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the real property under the following four reasons (1) the property is perishable and is at risk of deterioration, decay, and injury; (2) the expense of keeping the property is disproportionate to its fair market value; (3) the property is subject to a mortgage and to taxes on which the owner is in default; and (4) the court finds other good cause. Selling the real property through this interlocutory sale will protect the real property, preserve its value, and liquidate the property to allow for easier management of the assets to be used towards Sutherland's criminal forfeiture money judgment. By authorizing the interlocutory sale as

. . .

. . .

. . .

. . .

. . .

. . .

. . .

discussed above, this Court will protect the real property, preserve the value of the real property, and expedite the sale of the real property through the USMS.

Dated this 8th day of April, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED:  _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PROOF OF SERVICE**

I, Michelle C. Lewis, Paralegal, certify that the following individuals were served with copies of

**THE UNITED STATES OF AMERICA'S MOTION FOR AN INTERLOCUTORY ORDER OF**

**SALE OF PROPERTY, AND ORDER** on April 8, 2014, by the below identified method of service:

CM/ECF:

Kevin Leik
Melinda M. Weaver
Patti, Sgro & Lewis
720 S 7th Street
Las Vegas, NV 89101
Email: kleik@pattisgrolewis.com
Email: melindaweaver@gmail.com
*Counsel for Jeannie Sutherland*

/s/ Michelle C. Lewis
MICHELLE C. LEWIS
Paralegal Specialist